IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHELLE M. KARDASZ

Plaintiff,

v.

COUNTY OF MERCER

Defendant.

Civil Action

No.

**COMPLAINT**

Filed on behalf of:
Plaintiff, Michelle M. Kardasz

Counsel of Record for this Party

Tiffany R. Waskowicz, Esquire
PA ID #202933
Joshua M. Bloom and Associates, P.C.
310 Grant Street
Suite 3204
Pittsburgh, PA 15219

412-288-6000

**JURY TRIAL DEMANDED**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE M. KARDASZ | ) | Civil Action |
| Plaintiff, | ) ) | No. |
| v. | ) ) | |
| COUNTY OF MERCER | ) ) | |
| Defendant. | ) ) | **JURY TRIAL DEMANDED** |

CIVIL COMPLAINT

Plaintiff, Michelle M. Kardasz, by and through her Attorneys, Joshua M. Bloom & Associates, P.C. and Tiffany R Waskowicz, Esquire, files this Civil Complaint and in support alleges the following:

### I. Jurisdiction

1. The jurisdiction of this Honorable Court is invoked pursuant to Section 7 of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(c)(1); 28 U.S.C. §§ 1331 and 1343 (a)(4) and this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Plaintiff has satisfied all procedural and administrative requirements to suit under the ADEA in that:

   a. She filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission on December 30, 2011.

   b. The EEOC issued a Notice of a Right to Sue on July 9, 2012; and

   c. This Complaint is filed within 90 days of receipt of that notice.

3. Michelle Kardasz ("Kardasz") resides at 342 West Venango Street, Mercer PA 16137. Ms. Kardasz is fifty-seven (57) years old.

4. Mercer county, is a political subdivision, specifically a county that is

located within the Commonwealth of Pennsylvania/the Western District of Pennsylvania with a principle place of business at 103 Courthouse, Mercer, PA 16137.

5.   At all times relevant hereto, Defendant acted or failed to act by and through its authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

### III. Factual Background

6.   Ms. Kardasz worked for Defendant from April 13, 2009 until Defendant informed her of her termination on August 31, 2011, effective September 1, 2011.

7.   The last position Ms. Kardasz held with Defendant was County Children and Youth Administrator III.

8.   On August 29, 2011, Defendant's Chairman of its Board of Commissioners, Brian Beader ("Beader"), provided Ms. Kardasz with a letter, in which Defendant alleged for the first time that it had "cause for concern pertaining to the overall effective operation of the agency from both an internal standpoint and external standpoint," and that the "Common Pleas Bench" allegedly lacked "confidence" in her ability to properly run Mercer County's Children and Youth Services Agency.

9.   During Ms. Kardasz' employment with Defendant, she effectively operated and properly ran Mercer County's Children and Youth Services Agency from both an internal and external standpoint.

10.   Prior to receiving the August 29, 2011 letter, Defendant had not counseled, disciplined, and/or warned Ms. Kardasz about any alleged ineffective operation of Mercer County's Children and Youth Services Agency or any alleged lack fo confidence the Common Pleas Bench had in her abilities to properly run Mercer's

County Children and Youth Services Agency.

11. In the above-referenced August 29, 2011 letter, Defendant stated <u>inter alia</u> that: "With the school year for our County starting this week and next, we are at a critical operational juncture for our children and the demands that may be put on CYS. Because of this situation it is our decision to immediately place you on administrative leave with pay and benefits until we can complete a full and detailed investigation of this matter."

12. Ms. Kardasz was never provided an opportunity to defend herself with respect to any allegations of "wrongdoing" and/or to offer proof refuting any allegations of "wrongdoing" during Defendant's alleged investigation, despite Defendant informing Ms. Kardasz that she would have an opportunity to do both.

13. One day later, on August 30, 2011, Defendant left Ms. Kardasz a voice mail message in which it informed her to go to Mr. Beader's office at 9:00 am the next morning on August 31, 2011. On August 31, 2011, Mr. Beader provided Ms. Kardasz with a letter, in which Respondent stated it was terminating Ms. Kardasz effective September 1, 2011.

14. At the time of Ms. Kardasz' separation, Defendant's Board of Commissioners consisted of Commissioner Chairman, Mr. Beader, Commissioner, Kenneth R. Ammann ("Ammann"), and Commissioner, John N. Lechner ("Lechner"). Defendant's Commissioner, Mr. Ammann, did not sign Ms. Kardasz' August 31, 2011 termination letter.

15. Mr. Amman stated that, "[he] believe[d] [Ms. Kardasz'] separation from employment was unjustified."

16. Defendant failed to follow its own progressive discipline policy when it terminated Ms. Kardasz.

17. Defendant failed to follow its own procedure of consulting with its Human Resource Department prior to putting Ms. Kardasz on administrative leave.

18. Defendant's reasons for terminating Ms. Kardasz were pretextual.

19. Defendant replaced Ms. Kardasz with someone who is substantially younger than she is.

## COUNT I
## Age Discrimination in Employment Act

20. Plaintiff incorporates by reference the allegations in Paragraphs 1 to 19 as if fully restated herein.

21. Defendant discharged Ms. Kardasz because of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1).

22. Defendant's violation of the ADEA was willful.

WHEREFORE, Plaintiff demands judgment as follows:

   a. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to, wages, benefits, training, and seniority;

   b. That Defendant be required to compensate Plaintiff for the value of wages, she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on September 1, 2011;

   c. That Defendant be required to provide Plaintiff with front pay in the event reinstatement is not feasible;

   d. That Defendant be required to compensate Plaintiff for lost benefits, including but not limited to, profit sharing and/or pension benefits until Plaintiff's normal retirement date.

   e. That final judgment in favor of Plaintiff and against Defendant be entered

for liquidated damages in the amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §§ 626(b) and 216(b).

    f.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA.

    g.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee;

    h.    That Plaintiff be awarded punitive damages against Defendant;

    I.    That Plaintiff be awarded compensatory damages against Defendant; and

    j.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## COUNT II
### Pennsylvania Human Relations Act ("PHRA")

23.    Plaintiff incorporates by reference the allegations in Paragraphs 1 to 22 as if fully restated herein.

24.    Defendant's termination of Ms. Kardasz violated the PHRA, 43 Pa. Cons. State. Ann § 955(a) et seq.

25.    As a direct result of Defendant's violation of the PHRA, Ms. Kardasz has lost wages and other economic benefits of her employment with Defendant, in addition to suffering emotional distress, depression, inconvenience and humiliation.

WHEREFORE, Ms. Kardasz requests the following:

    a.    That the Court enter a judgment declaring Defendant's action to be unlawful and in violation of the PHRA;

    b.    That Defendant be ordered to reinstate Plaintiff and provide her accumulated seniority, fringe benefits and all other rights;

    c.    That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities, and other benefits;

   d. That Defendant be required to provide Plaintiff with front pay in the event reinstatement is not feasible;

   e. That the court award Plaintiff compensatory damages as a result of Defendant's violations of the PHRA;

   f. That Plaintiff be awarded punitive damages against Defendant;

   g. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the PHRA;

   h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

   I. That the Court grant Ms. Kardasz additional relief as may be just and proper.

                  Respectfully submitted,

Dated: August 10, 2012        By: /s/ Tiffany R. Waskowicz
                      Tiffany R. Waskowicz
                      310 Grant Street
                      Suite 3204
                      Pittsburgh, PA 15219